**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

CLARENCE HINTON,

    Plaintiff,                              CASE NO. 07-CV-12443

v.                                     DISTRICT JUDGE DAVID M. LAWSON
                                       MAGISTRATE JUDGE CHARLES BINDER
ASSISTANT RESIDENT UNIT
MANAGER SIVIK, *et al.*,

    Defendants.
                               /

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**PURSUANT TO THE PRISON LITIGATION REFORM ACT**

## I.    RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiff's Application to Proceed Without Prepayment of Fees and Costs be **DENIED** pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), and that Plaintiff be given 30 days to submit the entire filing fee or suffer dismissal without prejudice of his case.

## II.    REPORT

Plaintiff is a prisoner who is currently incarcerated at the Alger Maximum Correctional Facility in Munising, Michigan. Plaintiff filed this *pro se* prisoner civil rights suit on June 7, 2007, alleging numerous claims that his rights have been violated by twenty-three employees of the Michigan Department of Corrections. The case was referred to the undersigned Magistrate Judge for pretrial case management on March 19, 2007. To date, no defendants have been served with the complaint.

The Prison Litigation Reform Act ("PLRA") was enacted on April 26, 1996. It contains the following paragraph, which is commonly known as the "three strikes" provision:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

If a prisoner's "complaint clearly satisfie[s] the provisions of § 1915(g) at the moment of filing, the district court ha[s] no authority to consider the merits of the complaint." *Mitchell v. Tennessee*, 86 Fed. App'x 898, 899 (6th Cir. 2004). *See also Peeples v. Bradshaw,* 110 Fed. App'x 590 (6th Cir. 2004) (same); *Wallace v. Franklin*, 66 Fed. App'x 546, 547 (6th Cir. 2003) (same). This district's procedure, therefore, is to screen all prisoner complaints for "three strikes" immediately upon filing so as not to expend valuable resources on a case where the court has no authority to act. When determining whether a plaintiff has three prior cases that qualify as "strikes," the court must keep in mind that "[d]ismissals of previous actions entered prior to the effective date of the PLRA may be counted toward the 'three strikes' referred to in 28 U.S.C. § 1915(g)." *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998). If three strikes are found, the court must then deny plaintiff the privilege of proceeding without prepayment of fees and require full payment of the filing fee. *Id.* at 602-04.

A search of the U.S. District Court docket reveals that when this case was filed Plaintiff had at least four strikes: *Hinton v. Lemke*, case no. 93-CV-00279 (W.D. Mich.) (dismissed as frivolous); *Hinton v. Budway*, case no. 92-CV-77254 (E.D. Mich.) (dismissed as frivolous); *Hinton v. Budway*, case no. 90-CV-72958 (E.D. Mich.) (dismissed as frivolous); *Hinton v. Mukharjee*,

2

case no. 90-CV-70457 (E.D. Mich.) (dismissed pursuant to § 1915(d) as frivolous). Furthermore, Plaintiff has not alleged that he is under an imminent threat of harm. Although Plaintiff's rambling and nearly-illegible complaint alleges that defendants attempted to starve him to death in 2005, (*see* Compl. ¶ 18, alleging that for "25 out of 31 days in Oct!05 [sic], for instance, he/Davie, personally denied me my food/outright starved me"), I suggest that this allegation of a past attempt on Plaintiff's life, which he obviously survived, does not entitle Plaintiff to avail himself of the exception to the three strikes rule because it does not constitute an assertion that Plaintiff is "under *imminent* danger of serious physical injury," 28 U.S.C. § 1915(g) (emphasis added), but rather that Plaintiff was in danger of serious injury in the past.

Accordingly, because Plaintiff attained three strikes prior to filing this case and he has not alleged that he is in danger of immediate harm, I suggest that Plaintiff's application to proceed without prepayment of fees and costs be denied pursuant to 28 U.S.C. § 1915(g) and that Plaintiff be instructed to pay the $350 civil case filing fee within 30 days or suffer the dismissal of his case.

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370,

1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                             s/ *Charles E Binder*
                                             CHARLES E. BINDER
Dated: July 31, 2007                     United States Magistrate Judge

## CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, and served on Clarence Hinton by first class mail, and served on U.S. District Judge Lawson in the traditional manner.

Date: July 31, 2007         By     s/Patricia T. Morris
                                        Law Clerk to Magistrate Judge Binder